# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-843V

|  |
| --- |
| CHRISTINE RAGSDALE,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. |

Chief Special Master Corcoran

Filed: December 4, 2023

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Rachelle Bishop, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On August 2, 2022, Christine Ragsdale filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration (SIRVA) resulting from the influenza (flu) vaccination she received on October 28, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 4, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On December 4, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $70,000.00 in pain and suffering. Proffer at 1. Respondent also proffers that Petitioner should be awarded funds to satisfy a Tennessee Medicaid lien in the amount of $699.08. *Id.* In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.*

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $70,000.00 in the form of a check payable to Petitioner, Christine Ragsdale.**

2. **A lump sum payment of $699.08, representing compensation for satisfaction of the State of Tennessee Medicaid lien, payable jointly to Petitioner and Optum, and mailed to:**

**Optum**
**P.O. Box 182643**
**Columbus, OH 43218**
**Event Number: 114280082**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

CHRISTINE RAGSDALE,

Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

Respondent.

No. 22-843V
Chief Special Master Corcoran
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On August 2, 2022, Christine Ragsdale ("petitioner") filed a petition for compensation

("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine

administration ("SIRVA"), as the result of an influenza ("flu") vaccination received on October

28, 2020.  Petition at 1.  On November 7, 2023, the Secretary of Health and Human Services

("respondent") filed a Rule 4(c) Report recommending that this case is appropriate for

compensation under the terms of the Act for SIRVA.  ECF No. 20.

**I.    Items of Compensation**

A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $70,000.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.    Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy a Tennessee

Medicaid lien in the amount of $699.08, which represents full satisfaction of any right of

subrogation, assignment, claim, lien, or cause of action the State of Tennessee may have against

any individual as a result of any Medicaid payments the State of Tennessee has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about October 28, 2020, under Title XIX of the Social Security Act.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through lump sum payments as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1]

A.  A lump sum payment of **$70,000.00** in the form of a check payable to petitioner; and

B.  A lump sum payment of **$699.08**, representing compensation for satisfaction of the State of Tennessee Medicaid lien, in the form of a check payable jointly to petitioner and:

> Optum
> PO Box 182643
> Columbus, OH 43218
> Event Number: 114280082

Petitioner agrees to endorse the check to Optum for satisfaction of the Medicaid lien.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

2

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/ Rachelle P. Bishop*
RACHELLE P. BISHOP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-3662
Rachelle.P.Bishop@usdoj.gov

Dated: December 4, 2023